## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN O'CONNOR ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-218** |
| **ALLIED TRUST**<br>**INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] filed by Allied Trust Insurance Company ("defendant") to exclude the expert opinions of Luke Irwin ("Irwin"), Lee Hapa ("Hapa"), and any other expert offered by plaintiffs Sean O'Connor and Allyson O'Connor's ("plaintiffs") Also before the Court is a motion[2] filed by plaintiffs for leave to file a supplemental and amended witness and exhibit list. Both motions are opposed.[3]

Plaintiffs argue in their motion that, in light of newly discovered information, they should be permitted to amend their witness and exhibit list to include additional witnesses.[4] Defendant argues that plaintiffs' experts should be excluded because plaintiffs failed to timely disclose their experts and failed to comply with the expert report requirements of Federal Rule of Civil Procedure 26(a)(2)(B).[5] For the reasons

---

[1] R. Doc. No. 41.

[2] R. Doc. No. 45.

[3] R. Doc. No. 54 (plaintiffs' opposition to defendant's motion to strike); R. Doc. No. 56 (defendant's opposition to plaintiffs' motion for leave to file).

[4] R. Doc. No. 45.

[5] R. Doc. No. 56. Defendant does not argue that plaintiffs' experts should be excluded pursuant to *Daubert*. Accordingly, the Court will only address the timing and sufficiency of the disclosures.

that follow, the Court grants defendant's motion with respect to Hapa and Irwin and dismisses it with respect to any unnamed expert. The Court also grants plaintiffs' motion to permit the addition of Maudlin as a witness and denies plaintiffs' motion to add other unidentified witnesses.

## I.  BACKGROUND

Plaintiffs owned property that was damaged by Hurricane Ida and insured by a policy issued by defendant.[6] After plaintiffs filed a claim, plaintiffs allege that defendant dispatched an adjuster who determined plaintiffs were eligible for $82,039.27 in covered losses.[7] Defendant tendered a payment of $82,039.27 to plaintiffs.[8] At plaintiffs' request, defendant dispatched a second adjuster to reinspect the property.[9] According to plaintiffs, the second adjuster documented $374,280.29 in damages.[10] Defendant subsequently "tendered supplemental payments of $213,576.89 under Dwelling to [plaintiffs] and $136,632.21 under Dwelling directly to Cornerstone [Disaster Response, Inc.], the contractor that performed water mitigation work at the Property."[11] Plaintiffs also allege additional inspections were conducted by both parties, and that defendant subsequently made insufficient payments.[12]

---

[6] R. Doc. No. 1, ¶ 6.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 15.
[9] *Id.* ¶ 18.
[10] *Id.*
[11] *Id.* ¶ 19.
[12] *Id.* ¶¶ 20–29.

On December 1, 2022, an appraisal award was endorsed by plaintiffs' appraiser, Luke Irwin ("Irwin"), and a neutral umpire, William Scott Maudlin ("Maudlin") for a total of $1,285,948.42.[13] In response, defendant tendered additional payments of $108,159.53.[14] Plaintiffs allege that defendant has not timely and adequately compensated their loss and, as a result, they remain displaced from their home and the associated stress has impacted their marriage, their children's behavior and disposition, and Mr. O'Connor's health.[15]

Plaintiffs filed this action on January 17, 2023. They allege defendant breached their insurance contract and acted in bad faith.[16] Pursuant to this Court's scheduling order, plaintiffs' expert reports were due July 12, 2023.[17] Plaintiffs' witness and exhibit list for trial were due August 11, 2023.[18]

On July, 25, 2023, without requesting leave of Court for their late disclosure, plaintiffs emailed their expert disclosures to defendant.[19] Plaintiffs also included a report from Irwin,[20] which defendant argues does not meet the requirements of Rule 26. On August 11, 2023, plaintiffs filed their witness and exhibit list which states plaintiffs expect to call both plaintiffs, Irwin, and Lee Hapa ("Hapa") of Cornerstone Disaster Response, Inc. to testify.[21] No expert report by Hapa was disclosed to

---

[13] *Id.* ¶ 27.
[14] *Id.* ¶ 30.
[15] *Id.* ¶¶ 32–36.
[16] *Id.* ¶¶ 44–66.
[17] R. Doc. No. 33.
[18] *Id.*
[19] R. Doc. No. 41-2.
[20] R. Doc. No. 41-1. This report was emailed to defendants on July 25, 2023.
[21] R. Doc. No. 38.

defendant.[22] Defendant, therefore, argues that the designation of Hapa as an expert is also untimely and fails to comply with Rule 26.[23]

On August 17, 2023, defendant provided notice of Maudlin's deposition to take place on August 22, 2023.[24] Plaintiffs allege that, during the deposition of Maudlin, they discovered new evidence about the final appraisal valuation.[25] Plaintiffs now seek to amend their witness and exhibit list to include Maudlin as a witness and other unnamed potential witnesses. Defendant opposes the motion to amend and additionally seeks to exclude the testimony of plaintiffs' experts.

## II.    LAW

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). "Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order." *Simmons v. Galliano Marine Serv.*, No. CV 15-1124, 2016 WL 7450470, at *1 (E.D. La. Dec. 28, 2016) (Vance, J.) (citing *Geiserman*, 893 F.3d at 790).

Federal Rule of Civil Procedure 16(b)(4) states that the deadlines stated in the scheduling order "may be modified only for good cause." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Simmons*, 2016 WL

---

[22] R. Doc. No 41-3, at 8.
[23] *Id.*
[24] R. Doc. 45-1, at 1.
[25] *Id.* at 3.

7450470, at *1 (quoting *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).   Courts are to consider four factors to determine if good cause exists to modify the scheduling order: "(1) the explanation for the failure to adhere to the deadline; (2) the importance of the testimony; (3) the potential prejudice that could result from allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Id.* (citing *Geiserman*, 893 F.3d at 791).

"Rule 26 requires experts to make certain pre-trial disclosures. Experts 'retained or specially employed to provide expert testimony in the case,' also known as retained experts, must provide a written report that meets certain criteria." *Doe v. Ortho-La Holdings, LLC*, No. CV 17-8948, 2018 WL 4613946, at *2 (E.D. La. Sept. 26, 2018) (Milazzo, J.). "The distinction between retained and non-retained experts should be interpreted in a common sense manner." *MGMTL, LLC v. Strategic Tech.*, 2022 WL 474161, at *7 (E.D. La. Feb. 16, 2022) (Vitter, J.) (quoting *Ferrara Land Management Mississippi, LLC v. Landmark American Insur. Co.*, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021)). "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony 'arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation.'" *Id.*

Pursuant to Rule 26(a)(2)(C), non-retained experts must satisfy less stringent disclosure requirements than the report requirements for retained experts described previously. "[A] non-retained expert under Rule 26(a)(2)(C) is typically limited to

testifying about his opinions formed as a result of his knowledge of the case gained through direct observation." *MGMTL, LLC v. Strategic Tech.*, 2022 WL 474161, at *4 (E.D. La. Feb. 16, 2022) (Vitter, J.). "To the extent that the source of facts which form the basis for the [non-retained] testifying witness's opinions are derived from information learned during a personal experience—an actual inspection. . .as opposed to being subsequently supplied by an attorney involved in litigating a case involving an injury—then no Rule 26(a)(2)(B) report should be required." *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 2008 WL 8715813, at *3 (M.D. La. Jan. 24, 2008). When that testimony goes beyond a non-retained expert's "ground-level involvement in the events giving rise to the litigation," an expert "must comply with the Rule 26(a)(2)(B) reporting requirements, regardless of his status as a non-retained expert." *MGMTL, LLC*, 2022 WL 474161, at *6.

## III.   ANALYSIS

### a.  The Admissibility of the Testimony of Irwin and Hapa

Plaintiffs failed to timely designate Irwin and Hapa as testifying experts pursuant to the Court's scheduling order. Accordingly, the Court will first consider whether their testimony is admissible pursuant to the four factors from *Geiserman* outlined above.

Considering plaintiffs' explanation for failing to timely designate Irwin and Hapa, plaintiffs state that they "miscalculated the amount of time required for preparation of these designations."[26] Plaintiffs do not argue that their late disclosures

---

[26] R. Doc. No. 54, at 6.

were justified, but rather that they were unintentional and came only a mere two weeks after the deadline.[27] This factor is neutral at best.

Turning to the importance of the testimony of Irwin and Hapa, plaintiffs argue that striking these experts would be "disproportionately prejudicial."[28] Without the testimony from these experts, plaintiffs will not be able to establish causation, an essential element of the claim.[29] Accordingly, the importance of the expert testimony favors plaintiffs.

Considering the third factor, which is the prejudice in allowing the amendment, the amendment would not significantly prejudice defendant. Defendant has been aware of plaintiffs' expert designations since July 25, 2023,[30] and has known of the experts' involvement in the case since 2022.[31] While plaintiffs should have requested leave for the untimely designations, that specifically did not cause significant prejudice to defendant.

As to the final factor, while plaintiffs suggest a continuance is available to cure the prejudice caused by the amendment, the Court does not find a continuance necessary or appropriate considering the Court's docket and the length of time this

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 3.

[30] R. Doc. No. 41-2.

[31] R. Doc. No. 1, ¶ 19 (describing Hapa's employer's involvement in February 2022. *Id.* ¶ 19 (describing Irwin's involvement in December 2022).

case has been pending. Furthermore, plaintiffs agree that "a continuance at this eleventh hour is neither appropriate nor in the interests of justice."[32]

The Court finds that consideration of the four factors, especially the importance of the testimony to plaintiffs' case, would warrant allowing Irwin and Hapa to be designated as experts despite their untimely disclosure. However, that is not the end of the analysis.

Defendant contends that, because plaintiffs have not complied with the requirements for retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), the experts should not be permitted to testify.[33] Plaintiffs argue that their experts are not required to submit a report and have satisfied the more lenient disclosure requirements of Rule 26(a)(2)(C) for non-retained experts.[34] The Court need not discuss defendant's request to exclude "any other expert offered by plaintiffs" as that request is too vague to be evaluated.

Pursuant to Rule 26(a)(2)(B), retained experts must provide a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

---

[32] R. Doc. No. 54, at 8 (quoting Wunstell v. Clear Blue Specialty Ins. Co., 2022 WL 6113109, at *3 (E.D. La. 2022)).
[33] R. Doc. No. 41.
[34] R. Doc. No. 54, at 9.

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Plaintiffs did not provide a report from Hapa as required by the Rule. Plaintiffs did provide a report from Irwin, but defendant argues that report does not meet the requirements of Rule 26(a)(2)(C).

This Court has held that expert reports "must be 'detailed and complete,' not 'sketchy and vague.'" *Wunstell v. Clear Blue Specialty Ins. Co.*, 2022 WL 6113109, at *3 (E.D. La. Oct. 7, 2022) (Africk, J.) (quoting *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012)). Irwin's report is neither detailed nor complete. His report does not state the basis and reasons for his opinion, or the specific facts or data considered when forming the opinion. The report does not contain any exhibits that will be used to summarize or support Irwin's opinion. The report also fails to state the compensation paid to Irwin for his testimony. Irwin's report merely states, "I have reviewed the estimates and reports created by/for Allied Trust that were submitted to me, and some of those documents helped to form my opinion."[35] This Court has no way of discerning which documents were relied upon by Irwin when arriving at his opinion. Accordingly, Irwin's report does not satisfy the requirements of Rule 26(b). Additionally, as stated, Hapa has not submitted any report. Therefore, neither Irwin nor Hapa should be permitted to testify as retained experts.

---

[35] R. Doc. 41-1, at 5.

Plaintiffs argue that their experts are not required to submit a report because they are non-retained, and that their experts have satisfied the disclosure requirements of Rule 26(a)(2)(C).[36] "Courts have considered insurance adjustors hybrid fact/expert witnesses under Rule 26(a)(2)(A), who may provide opinion testimony at trial, without generating a signed, written report pursuant to Rule 26(a)(2)(B) because they were actual participants prior to litigation, they do not receiv[e] additional compensation for their testimony at trial, their opinions regarding the costs of repair and replacement are part of the 'normal insurance adjustment process' and were not given at the request of counsel, and [ ]their opinions are not based upon any facts, information or documents generat[ed] by the subsequent litigation." *Verret v. State Farm Fire & Cas. Co.*, No. CV 13-5596, 2014 WL 12742607, at *1 (E.D. La. Apr. 23, 2014) (Africk, J.) (quoting *Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 2008 WL 8715813, at *3 (M.D. La. Jan. 24, 2008)).

Plaintiffs argue that Irwin and Hapa were hired by plaintiffs before this litigation commenced and that they were not retained to provide expert testimony.[37] Plaintiffs hired Hapa's employer to comply with the mitigation duties days after the loss occurred.[38] Plaintiffs hired Irwin as an appraiser when defendant invoked the right to appraisal under the policy.[39] Defendant does not dispute when the experts

---

[36] R. Doc. No. 54, at 9.

[37] *Id*

[38] *Id*.

[39] *Id*.

were hired, but rather suggests this is "another attempt to circumvent the agreed-to Scheduling Order."[40]

The Court finds that Irwin and Hapa could be classified non-retained experts based on their involvement prior to litigation and their involvement being a normal part of the insurance process. However, their testimony is still not permissible under Rule 26(a)(2)(C). Pursuant to the Rule, the disclosures of non-retained experts must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."

Considering the admissibility of Hapa's testimony, the only disclosures plaintiffs made were that Hapa "will testify to the valuation of damages, scope of damages, and causal link between the loss event and damages incurred by the Property under all coverages regarding residential water mitigation."[41] This statement does not include any of the facts or opinions which would support his testimony. Accordingly, plaintiffs have not satisfied Rule 26(a)(2)(C) with respect to Hapa's expert testimony.

Considering the admissibility of Irwin's testimony, neither Irwin's report nor the plaintiffs' witness list provide a summary of the facts to which the witness will testify. While Irwin does state his overall opinion, "that any fair application of industry standards. . .would produce a valuation at or above that prepared by the umpire," he does not state any of the facts about which he would testify.[42]

---

[40] R. Doc. No. 68, at 3.
[41] R. Doc. No. 38.
[42] R. Doc. No. 41-1, at 5.

Accordingly, Irwin's expert testimony is also inadmissible pursuant to Rule 26(a)(2)(C).

While Irwin and Hapa may not testify as experts, either retained or non-retained, they may testify as lay witnesses. Pursuant to Federal Rule of Evidence 701, their testimony will be limited to an opinion that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

### b.  The Admissibility of the Testimony of Maudlin

Plaintiffs seek to amend their witness and exhibit list to include Maudlin as a witness. This request will also be considered pursuant to the factors outlined in *Geiserman* and discussed previously.

Considering the first factor, plaintiffs have not adequately explained their failure to adhere to the Court's deadline. Plaintiffs knew about Maudlin's role in the case since at least December 1, 2022 when he signed an appraisal award.[43] They claim that they could not have known that Maudlin had valuable information until after the deposition on August 22, 2023. Plaintiffs, however, could have sought to depose Maudlin at any point prior to the witness and exhibit list deadline. Accordingly, plaintiffs have not explained their failure to adhere to the Court's deadline.

Turning to the second factor, plaintiffs argue that Maudlin's testimony is important to their claim because, if the testimony of Irwin and Hapa are excluded,

---

[43] R. Doc. No. 41, at 1.

plaintiffs will have no witnesses except themselves.[44] Plaintiffs argue that the exclusion of all of plaintiffs' proposed expert witnesses would be highly prejudicial to plaintiffs' claim. Because the Court is excluding the testimony of Irwin and Hapa as retained and non-retained experts, the importance of Maudlin's testimony is significant.

Considering the third factor, the potential prejudice that the amendment would cause is limited. Defendant has been aware of Maudlin's involvement in the case for a long period of time and, as previously stated, Maudlin was deposed. Although this amendment would be close to the date of trial, defendant does not identify specific prejudice that would be caused by permitting the testimony of Maudlin.

Finally, as mentioned previously, the Court does not find a continuance necessary or appropriate considering the Court's docket and the length of time this case has been pending.

Considering these four factors, the Court finds that said factors, particularly the importance of the testimony in view of the Court's ruling regarding Irwin and Hapa, weigh in favor of permitting plaintiffs to amend their witness list to include Maudlin.[45]

---

[44] R. Doc. No. 45-1, at 4.

[45] The parties have only asked the Court to consider whether to allow plaintiffs to amend their witness list. The Court has not been asked to address whether Maudlin may testify as an expert.

**c.  The Additional Provisions of the Proposed Amended Witness List**

Plaintiffs also seek to include seven generic provisions in their amended witness list to permit the testimony of unidentified witnesses.[46] Plaintiffs have not argued good cause exists for the addition of these vague provisions. Therefore, the Court finds that plaintiffs have not upheld their burden with respect to those unnamed individuals.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion for leave to strike plaintiffs' expert designations is **GRANTED** with respect to Irwin and Hapa and **DISMISSED AS PREMATURE** with respect to any unidentified experts.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a supplemental and amended witness exhibit list is **GRANTED** to permit plaintiffs to add Maudlin to their witness list and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiffs' request for oral argument on the motion to strike plaintiffs' experts is **DENIED**.

New Orleans, Louisiana, September 25, 2023.

---

[46] "6) Any person(s) identified by Defendant in its initial disclosures or through discovery; 7) Any and all individuals who performed repairs to Plaintiff's property; 8) Any and all experts of any party to this litigation; 9) Any and all individuals identified as having relevant knowledge and information regarding the subject claims which are presently unknown; 10) Any and all individuals needed for foundation or authentication of any document; 11) Any person deposed by the parties in this litigation; and  12) Any individuals necessary for rebuttal or impeachment." R. Doc. No 45-3, at 2.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE