## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SEAN O'CONNOR, ET AL.**                             CIVIL ACTION

**VERSUS**                                            NO. 23-218

**ALLIED TRUST INSURANCE COMPANY**                    SECTION "O"

### ORDER AND REASONS

Before the Court are seven trial-related motions.[1] This order and reasons assumes familiarity with this first-party-insurance case and recounts only those facts strictly necessary to resolve the pending trial-related motions. In short: the case arises from Plaintiffs Sean and Allyson O'Connor's claim that Defendant Allied Trust Insurance Company failed to timely and adequately pay them proceeds due under their homeowner's insurance policy for damage their home suffered during Hurricane Ida. The O'Connors assert that Allied Trust breached the homeowner's policy and violated two Louisiana insurance-penalty statutes, LA. STAT. ANN. §§ 22:1892 & 22:1973. One of those statutes mandates an assessment of penalties and "reasonable attorney fees and costs" against Allied Trust if the jury finds that (1) Allied Trust failed to pay the O'Connors the amount due on their claim within 30 days after receiving satisfactory proofs of loss, and (2) Allied Trust's failure was "arbitrary, capricious, or without probable cause." *See* LA. STAT. ANN. § 22:1892(B)(1)(a).

---

[1] ECF Nos. 93, 94, 95, 96, 98, 114, 119.

A three-day jury trial is set to start on Monday, February 26. In the lead-up to trial, the parties filed seven motions that fall into four categories: (1) a motion asking the Court to assess any statutory penalties, attorney's fees, and costs after trial;[2] (2) a motion asking the Court to allow untimely amendments to witness and exhibit lists;[3] (3) motions *in limine* that do not relate to the admissibility of expert testimony;[4] and (4) two motions for leave to supplement exhibits offered in support of motions *in limine*.[5] The Court considers each category and motion in turn.

## I.   ANALYSIS

### A.   The O'Connors' Motion for a Subsequent Proceeding Regarding Attorneys' Fees, Penalties, and Costs.

The O'Connors move the Court to assess penalties and "reasonable attorney fees and costs" under Section 22:1892 after trial based on "separate briefing or [an] evidentiary hearing" *if* the jury finds that Allied Trust acted in bad faith.[6] Allied Trust rejoins that the O'Connors must prove their attorney's fees and costs at trial.[7]

The O'Connors have the better argument. "The federal rules leave it to the judge to determine attorney's fees 'unless the substantive law requires those fees to be proved at trial as an element of damages.'" *In re Ridgeway*, 973 F.3d 421, 426 (5th Cir. 2020) (quoting FED. R. CIV. P. 54(d)(2)(A)). Federal jurisdiction is based on

---

[2] ECF No. 93.

[3] ECF No. 94.

[4] ECF Nos. 95, 96, 97.

[5] ECF Nos. 114, 119.

[6] ECF No. 93 at 1. The Court and the parties occasionally use the term "bad faith" as shorthand to encapsulate an insurer's failure to pay the amount of a claim due an insured within thirty days after receipt of satisfactory proofs of loss when that failure is "arbitrary, capricious, or without probable cause." *See* LA. STAT. ANN. §§ 22:1892(A)(1) & 22:1892(B)(1)(a).

[7] ECF No. 108 at 1–4.

2

diversity, so the Court applies Louisiana substantive law. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Under Louisiana substantive law, "attorney's fees are not allowed except where authorized by statute or contract." *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08); 988 So. 2d 186, 201. Section 22:1892 is the statute that authorizes an attorney-fee award here. It instructs in relevant part that an insurer "shall [be] subject" to penalties "as well as reasonable attorney fees and costs" if the insurer's failure to timely pay the amount of a claim due any insured "is found to be arbitrary, capricious, or without probable cause." LA. STAT. ANN. § 22:1892(B)(1)(a).

Section 22:1892 does not require attorney's fees to "be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). There is "[n]o mention of a jury requirement" in Section 22:1892(B)(1)(a). *In re Ridgeway*, 973 F.3d at 426. Penalties and attorney's fees under Section 22:1892(B)(1)(a) "are mandatory, rather than discretionary, if a breach . . . has occurred." *Calogero v. Safeway Ins. Co. of La.*, 1999-1625 (La. 1/19/00); 753 So. 2d 170, 174.[8] Accordingly, if the jury makes the factual finding that an insurer has acted in bad faith, "it is the role of the judge to apply the law as set forth in [Section 22:1892] to determine the amount of the penalty that

---

[8] The Louisiana Insurance Code was reenacted effective January 1, 2009. *See* Insurance Code—Renumbering of R.S. Title 22, 2008 La. Sess. Law Serv. Act 415 (S.B. 335) (West). That reenactment merely "redesignat[ed]" the Louisiana Insurance Code "into a new format and number scheme without changing the substance of the provisions." *Id.* As part of that reenactment, Section 22:658 was renumbered as Section 22:1892. *Id.* Accordingly, cases interpreting the pre-reenactment Section 22:658 apply with equal force to the post-reenactment Section 22:1892. *See generally Baack v. McIntosh*, 2020-01054 (La. 6/30/21); 333 So. 3d 1206, 1217 (relying interchangeably on cases applying the pre-reenactment Section 22:658 and cases applying the post-reenactment Section 22:1892).

would be assessed under that statute." *Audubon Orthopedic & Sports Med., APMC v. Lafayette Ins. Co.*, 2009-0007 (La. App. 4 Cir. 4/21/10); 38 So. 3d 963, 973.

In sum, because Section 22:1892 does not require attorney's fees to "be proved at trial as an element of damages," FED. R. CIV. P. 54(d)(2)(A), "[t]he federal rules leave it to the judge to determine attorney's fees," *In re Ridgeway*, 973 F.3d at 426. The Court will assess any attorney's fees and costs by motion and briefing post-trial.

Allied Trust's two principal counterarguments are unpersuasive. First, Allied Trust contends that the previously presiding judge "determin[ed]" that the O'Connors "forfeited the right to present evidence of their attorney fees and costs."[9] But Allied Trust offers no record support for the assertion. And the Court has not found any such "determination" anywhere in the record. Second, Allied Trust submits that "Plaintiffs are required to prove elements of damages at trial."[10] But Allied Trust cites no authority for the proposition that attorney's fees under Section 22:1892 are an element of damages that must be proved at trial, and the Court has found none.[11]

---

[9] ECF No. 108 at 1–2.

[10] *Id.* at 2.

[11] The parties also dispute the types of costs the O'Connors may recover. Allied Trust contends recoverable costs are limited to those authorized by 28 U.S.C. § 1920. ECF No. 108 at 2–3. The O'Connors counter that they may recover reasonable costs beyond those specified in 28 U.S.C. § 1920. ECF No. 117 at 3–4. The Court concludes that any ruling on the costs the O'Connors may recover under Section 22:1892 would be premature because the motion before the Court does not turn on the costs recoverable under Section 22:1892, and the Court need only decide the costs recoverable under Section 22:1892 if the jury finds that Allied Trust violated Sections 22:1892(A)(1) and 22:1892(B)(1)(a).

### B.   The O'Connors' Motion for Leave to File a Supplemental and Amended Witness and Exhibit List

Next, the O'Connors move for leave to file a supplemental and amended witness and exhibit list that includes witnesses and exhibits related to attorney's fees and costs under Section 22:1892.[12] Allied Trust opposes, contending the O'Connors have not shown good cause under Federal Rule of Civil Procedure 16(b)(4).[13]

The Court denies the motion as moot. The Court has decided that it will assess any penalties "as well as reasonable attorney fees and costs" under Section 22:1892 after trial based on briefing and—if needed—an evidentiary hearing. So, there is no need for the O'Connors to supplement their witness and exhibit lists to include witnesses and exhibits relating to attorney's fees and costs under Section 22:1892.

### C.   Non-Expert Motions *in Limine*

The Court next considers three non-expert motions *in limine*—two in full, one in part.[14] The movant *in limine* has the burden to show why the evidence should be excluded. *See F.D.I.C. v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992). "The grant of denial or a motion in limine is considered discretionary.'" *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 399 (5th Cir. 2022) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005)). Rulings *in limine* "are preliminary and are not final evidentiary rulings." *Perry v. Pediatric Inpatient Critical Care Servs., P.A.*, 630 F. Supp. 3d 834, 840 (W.D. Tex. 2022). If the Court grants a motion *in limine*, the parties must

---

[12] ECF No. 94.
[13] ECF No. 102.
[14] ECF Nos. 95, 96, 98. The Court has ordered a hearing to consider the portion of ECF No. 98 asking the Court to exclude evidence of documentation regarding actual costs of completed repairs, as well as ECF No. 97, asking the Court to exclude evidence of estimated costs for completed repairs.

approach the bench before addressing the issue in the jury's presence. *See id.* at 840–41. Finally, "*in limine* rulings are not binding on the [Court], and the [Court] may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Applying these principles, the Court considers each motion *in limine* in turn.

### 1.    Plaintiffs' Omnibus Motion in Limine

The O'Connors move the Court *in limine* to exclude three categories of evidence: (1) evidence regarding the purchase price of their property; (2) evidence regarding the ownership of the fifth-wheel trailer the O'Connors rented after Hurricane Ida; and (3) evidence regarding the type of storage unit the O'Connors rented from Workbox, LLC.[15] The Court takes each category of evidence in turn.

### a.    Purchase Price of Plaintiffs' Property

The O'Connors ask the Court to exclude all evidence regarding the purchase price of their property under Federal Rules of Evidence 402 and 403.[16] They contend the purchase price is not relevant because they bought the property a decade before the underlying loss, and the purchase price of the property has no bearing on whether Allied Trust breached its insurance contract or whether Allied Trust timely and adequately paid the O'Connors after receiving satisfactory proofs of loss.[17] And even if the purchase price were relevant, the O'Connors continue, evidence about it should be excluded because the probative value of that evidence is substantially outweighed

---

[15] ECF No. 95.
[16] ECF No. 95-1 at 3–8.
[17] *Id.* at 3.

6

by a danger of unfair prejudice, confusing the issues, and misleading the jury.[18] In response, Allied Trust agrees to "withhold introducing evidence regarding the purchase price . . . unless Plaintiffs open the door to its relevance."[19]

The Court grants this portion of the motion as unopposed and excludes all evidence of the purchase price of the property. If Allied Trust contends the O'Connors have "open[ed] the door" to the relevance of the purchase price of the O'Connors' property at any point during the trial, counsel must approach the bench before addressing the issue in the jury's presence. *See Perry*, 630 F. Supp. 3d at 840–41.

### b.    Ownership of the Fifth-Wheel Trailer

The O'Connors ask the Court to exclude all evidence regarding the ownership of the fifth-wheel trailer the O'Connors have lived in since their home was damaged in Hurricane Ida.[20] The O'Connors rented the fifth-wheel trailer from Perspective Solutions, a company Plaintiff Sean O'Connor owns.[21] They contend that evidence about the trailer's ownership should be excluded because it is not relevant to their claims.[22] And even if evidence of the trailer's ownership were relevant, the O'Connors continue, evidence on the topic should be excluded under Rule 403 because the probative value of that evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.[23] Allied Trust responds that

---

[18] *Id*. at 6–7.
[19] ECF No. 103 at 2.
[20] ECF No. 95.
[21] ECF No 95-1 at 5.
[22] *Id*. at 3–5.
[23] *Id*. at 7.

ownership of the trailer "is clearly relevant" because it shows that the O'Connors "have not actually paid anything to Prospective Solutions" for the trailer rental.[24]

Evidence is relevant if "it has any tendency to make a fact" "of consequence in determining the action" "more or less probable than it would be without the evidence." FED. R. EVID. 401. "The [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting, time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Ownership of the fifth-wheel trailer is not relevant to any properly presented claim or defense in this case.[25] This case presents two principal questions: whether Allied Trust (a) breached its insurance contract with the O'Connors, and (b) violated Section 22:1892 by failing to timely and adequately pay the O'Connors' claim after receiving satisfactory proofs of loss. Allied Trust has not explained how ownership of the trailer bears in *any* way on *any* aspect of either question. The O'Connors are not claiming damages arising from, or trying to hold Allied Trust liable for, any actions Allied Trust took with respect to the fifth-wheel trailer. And Allied Trust has exhausted the policy limits of the coverage under which it reimbursed the O'Connors for the trailer rental.

---

[24] ECF No. 103 at 3–4.
[25] Even if evidence of the ownership of the fifth-wheel trailer were marginally relevant, however, the Court would still exclude the evidence under Rule 403. To the extent the ownership of the fifth-wheel trailer has any probative value at all, that probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

Allied Trust's counterarguments are not persuasive. Allied Trust contends that ownership of the trailer "is clearly relevant" because it shows that the O'Connors did not actually incur rental expenses for which Allied Trust reimbursed them.[26] But Allied Trust's mere declarations that the trailer's ownership is "highly relevant"[27] and "clearly relevant"[28] does not make it so. Allied Trust has not tied its relevance counterargument to any actual claim or defense in this lawsuit. For example, Allied Trust has not filed any counterclaim seeking to recover any expenses relating to the trailer rental, and the O'Connors have not placed those expenses at issue through any of the claims they have asserted or any of the damages they have requested.

Accordingly, the Court grants this portion of the motion and excludes all evidence of ownership of the fifth-wheel trailer.

### c.   The Type of Storage Unit Rented from Workbox, LLC

The O'Connors move to exclude evidence about the type of storage unit they rented from Workbox, LLC.[29] The O'Connors rented a home-office storage unit from Workbox, LLC, and Allied Trust has reimbursed them for that rental through mid-January 2024.[30] The O'Connors contend the type of storage unit they rented is not relevant, and even if it were, its probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.[31] Allied Trust responds that the

---

[26] ECF No. 103 at 4.
[27] *Id.* at 4.
[28] *Id.*
[29] ECF No. 95 at 1.
[30] ECF No. 95-1 at 5–6.
[31] *Id.* at 5–6, 7–8.

type of storage unit "is undoubtedly relevant" because it shows that the O'Connors "have essentially recovered additional living expenses in excess of the policy limits."[32]

The type of storage unit the O'Connors rented from Workbox, LLC is not relevant to any actual claim or defense in this case.[33] The type of storage unit the O'Connors rented has no bearing on the O'Connors' claims, and Allied Trust has not identified any defense to which that evidence could even conceivably relate. To be sure, Allied Trust contends that the type of storage unit the O'Connors rented shows that Allied Trust has reimbursed the O'Connors for additional-living expenses to which the O'Connors were not actually entitled. But Allied Trust has not tethered that argument to any actual claim or defense in this case. Allied Trust has not filed any counterclaim seeking to recover any expenses relating to the home-office storage unit, and the O'Connors have not placed any of those expenses at issue through any of the claims they have asserted or any of the damages they have requested.

Accordingly, the Court grants this portion of the motion and excludes all evidence of the type of storage unit the O'Connors rented from Workbox, LLC.

### 2.  Allied Trust's Motion *in Limine* to Exclude Testimony and Exhibits Regarding Attorney's Fees and Expenses

Allied Trust moves the Court to exclude testimony and exhibits that go to the attorney's fees and costs the O'Connors would recover under Section 22:1892 if the

---

[32] ECF No. 103 at 4–5.

[33] Even if evidence of the ownership of the type of storage unit the O'Connors rented were marginally relevant, however, the Court would still exclude the evidence under Rule 403. To the extent the type of storage unit the O'Connors rented has any probative value at all, that probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.

jury finds Allied Trust acted in bad faith.[34] Allied Trust contends the O'Connors failed to timely disclose the relevant witnesses and exhibits on their witness and exhibit lists.[35] According to Allied Trust, "[a]llowing two recently disclosed witnesses to testify at trial" and "allowing new exhibits on the eve of trial" would "result[] in great prejudice."[36] The O'Connors oppose, contending the failure to timely list the at-issue attorney-fee witnesses and exhibits was both substantially justified and harmless.[37]

The Court denies the motion as moot. The Court has decided that it will assess any penalties "as well as reasonable attorney fees and costs" under Section 22:1892 after trial based on briefing and—if needed—an evidentiary hearing. Because the Court will decide any attorney-fee and cost questions through separate proceedings after trial, none of the "recently disclosed witnesses" nor any of the "new exhibits" will feature at the February 26 trial, and Allied Trust will not suffer the "great prejudice" its motion describes.[38] Allied Trust's motion is therefore moot.

### 3.   Allied Trust's Motion *in Limine* to Exclude Late and/or Undisclosed Exhibits

Allied Trust moves to exclude "all exhibits" on the O'Connors' exhibit list that "have not been properly identified and disclosed" and any "exhibits [that] have not been produced" in discovery.[39] This order and reasons deals only with the three items Allied Trust identifies with any specificity: (1) an attorney-representation agreement

---

[34] ECF No. 96.
[35] ECF No. 96-1 at 3–6.
[36] *Id.* at 3.
[37] ECF No. 104 at 9.
[38] ECF No. 96-1 at 3.
[39] ECF No. 98.

between the O'Connors and their counsel; (2) a list of expenses incurred by the O'Connors' counsel; and (3) "photos and videos of damage generated by" the O'Connors.[40] Allied Trust asserts that the O'Connors failed to produce these items in discovery.[41] The O'Connors do not contest that assertion in their response.[42] The Court therefore assumes that the O'Connors in fact failed to produce these three items in discovery. And because the O'Connors failed to produce these items in discovery, the Court grants the motion as to these three items only and excludes them from the trial. *See H & N LLC of Lake Charles v. Great Lakes Ins. SE*, No. 2:21-CV-03583, 2023 WL 2604972, at *2 (W.D. La. Mar. 22, 2023) ("The court agrees that any documents not yet produced in discovery must be excluded from trial."); *see also* FED. R. CIV. P. 37(c) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### D.   Motions to Supplement Exhibits in Support of Motions *in Limine*

Allied Trust has filed two *ex parte* motions[43] asking the Court for leave to supplement exhibits filed in support of its motions *in limine*.

---

[40] ECF No. 98-1 at 7 (identifying "items 124 through 126" of the O'Connors' exhibits listed in the proposed pretrial order); ECF No. 90 at 14 (proposed pretrial order listing items 124–126). The exclusion of evidence relating to the actual cost of completed repairs will be considered at the February 23, 2024 hearing.

[41] ECF No. 98-1 at 7.

[42] ECF No. 106 at 1–12.

[43] ECF Nos. 114 & 119.

First, Allied Trust moves for leave to supplement its motion *in limine* regarding completed repairs and its motion i*n limine* to exclude Plaintiffs' late and/or undisclosed exhibits to include (1) the correct pages of the transcript of the deposition of Plaintiff Sean O'Connor; and (2) an itemization of costs to replace the O'Connors' roof from Bryan Galley Builders, Inc.[44] The Court grants the motion.

Second, Allied Trust moves for leave to supplement its motion *in limine* to exclude the testimony of Scott Mauldin to include a transcript of the January 27, 2024 deposition of Scott Mauldin.[45] The Court also grants this motion.

## II.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the O'Connors' motion[46] for a subsequent proceeding on attorneys' fees, penalties, and costs is **GRANTED**. If the jury finds that Allied Trust failed to pay the O'Connors the amount due on their claim within thirty days of receiving satisfactory proofs of loss, and that Allied Trust's failure was "arbitrary, capricious, or without probable cause," LA. STAT. ANN. § 22:1892, the Court will assess penalties "as well as reasonable attorney fees and costs" after trial based on the written submissions of the parties and—if necessary—an evidentiary hearing.

---

[44] ECF No. 114.
[45] ECF No. 119.
[46] ECF No. 93.

**IT IS FURTHER ORDERED** that the O'Connors' motion[47] for leave to file a supplemental and amended witness and exhibit list is **DENIED** as moot. There is no need to file supplemental and amended witness and exhibit lists relating to attorney's fees and costs because the Court will assess any costs and attorney's fees post-trial.

**IT IS FURTHER ORDERED** that the O'Connors' omnibus motion[48] *in limine* is **GRANTED**. The Court excludes all evidence regarding (1) the purchase price of the O'Connors' property; (2) the ownership of the fifth-wheel trailer; and (3) the type of storage unit the O'Connors rented from Workbox, LLC.

**IT IS FURTHER ORDERED** that Allied Trust's motion[49] *in limine* to exclude the testimony and opinions of Lori Waters and/or Ashley Bickford, as well as exhibits regarding the O'Connors' attorney's fees and expenses, is **DENIED** as moot because the Court will assess any penalties "as well as reasonable attorney fees and costs" under Section 22:1892 after trial based on the written submissions of the parties and—if necessary—an evidentiary hearing.

---

[47] ECF No. 94.
[48] ECF No. 122.
[49] ECF No. 96.

**IT IS FURTHER ORDERED** that Allied Trust's motion[50] *in limine* to exclude late and/or undisclosed exhibits is **GRANTED IN PART** and **DEFERRED IN PART**. The motion is granted as to the O'Connors' exhibits 124, 125, and 126 as listed in the proposed pretrial order;[51] those exhibits are excluded because the O'Connors failed to produce them in discovery. In all other respects, the motion will be taken up by the Court at the February 23, 2024 hearing.

**IT IS FURTHER ORDERED** that Allied Trust's motion[52] for leave to amend and supplement exhibits to its motion *in limine* regarding completed repairs and its motion *in limine* to exclude Plaintiffs' late and/or undisclosed exhibits is **GRANTED**.

**IT IS FURTHER ORDERED** that Allied Trust's motion[53] to supplement exhibits to its motion to exclude the testimony of Scott Mauldin is **GRANTED.**

New Orleans, Louisiana, this 22nd day of February, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[50] ECF No. 98.
[51] ECF No. 90 at 14.
[52] ECF No. 114.
[53] ECF No. 119.

15