## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SEAN O'CONNOR, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 23-218**

**ALLIED TRUST INSURANCE COMPANY**           **SECTION "O"**

## <u>ORDER</u>

The Court was compelled to continue the jury trial on the morning of trial because Defendant Allied Trust Insurance Company discovered the weekend before trial that Plaintiffs Sean O'Connor and Allyson O'Connor failed to comply with their discovery obligations under, at a minimum, Federal Rule of Civil Procedure 26(e). After considering the four factors articulated in *In re Complaint of C.F. Bean L.L.C.,* 841 F.3d 365, 372 (5th Cir. 2016), for the reasons given orally on the record, the Court found that Plaintiffs violated Rule 26(e) by failing to timely supplement discovery responses; that Plaintiffs' violation of Rule 26(e) was neither substantially justified nor harmless; that Defendant was prejudiced by Plaintiffs' violation of Rule 26(e); and that continuing trial and reopening limited discovery was necessary to cure that prejudice. The Court therefore continued the trial and directed that discovery be reopened to allow Defendant to re-depose Plaintiffs' non-retained expert Scott Mauldin with the benefit of the information Plaintiffs failed to timely produce.

The Court reserved a ruling, however, on an appropriate Rule 37(c) remedy for Plaintiffs' substantially unjustified Rule 26(e) violations. "The district court may order alternative sanctions" under Rule 37(c)(1), "such as awarding costs and attorneys' fees." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d at 372. Having now considered each of the potential remedies outlined in Rule 37(c)(1)(A)–(C), and as a less drastic alternative to striking or dismissing Plaintiffs' bad-faith claims outright, the Court finds that the appropriate remedy is to order that Plaintiffs pay Defendant some of the "reasonable expenses" caused by Plaintiffs' substantially unjustified violations of Rule 26(e). FED. R. CIV. P. 37(c)(1)(A). Specifically, Plaintiffs shall pay Defendant the reasonable travel expenses, including airfare and lodging, incurred by the representative(s) of Defendant to attend trial on Monday, February 26, 2024.

Accordingly,

**IT IS ORDERED** that discovery will be re-opened for the limited purpose of allowing Defendant to re-depose Scott Mauldin with the benefit of the documents Plaintiffs failed to timely produce. If Defendant contends that discovery should be re-opened for any other purpose arising from Plaintiffs' Rule 26(e) violations, such as to allow for the re-deposition of Plaintiffs, Defendant must file by March 5, 2024 a motion for discovery that specifies and explains *each* discovery request or deposition that Defendant contends it needs in light of the documents Plaintiffs failed to timely produce. Any opposition to the motion for discovery must be filed by March 12, 2024. Any reply is due on March 15, 2024. A scheduling conference with the Court's case

2

manager will be set after the Court rules on the motion for discovery or the time for filing a motion for discovery has expired.

**IT IS FURTHER ORDERED** that Defendant's emergency motion[1] for discovery sanctions is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted insofar as the Court orders Plaintiffs under Rule 37(c)(1)(A) to pay Defendant some of the "reasonable expenses" caused by Plaintiffs' substantially unjustified violations of Rule 26(e), limited to the reasonable travel expenses, including airfare and lodging, incurred by the representative(s) of Defendant to attend trial on Monday, February 26, 2024. Defendant is therefore ordered to file by March 5, 2024 a memorandum detailing those expenses and an affidavit supporting them. Any opposition to the scope or reasonableness of the claimed expenses must be filed by March 12, 2024. Any reply is due by March 15, 2024. The motion is denied in all other respects.

---

[1] ECF No. 137.

**IT IS FURTHER ORDERED** that Defendant's motion[2] to limit Scott Mauldin's testimony, to have wide latitude in impeaching Mr. Mauldin, as well as to designate Mark Harter as an expert in appraisal, is **DENIED** as moot. For reasons given orally on the record at the February 23, 2024 hearing before the Court, Plaintiffs will be permitted to call Scott Mauldin as a non-retained expert witness in the areas of insurance appraisal and insurance umpiring.

New Orleans, Louisiana, this 27th day of February, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[2] ECF No. 138.