UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN O'CONNOR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-218 |
| ALLIED TRUST INSURANCE COMPANY | SECTION "O" |

## ORDER

Before the Court is the opposed motion[1] of Defendant Allied Trust Insurance Company to establish attorneys' fees, costs, and expenses due under Federal Rule of Civil Procedure 37(c)(1)(A) for the substantially unjustified failure of Plaintiffs Sean and Allyson O'Connor to comply with their discovery obligations under Rule 26(e).

The relevant facts are recounted in the Court's opinion on Defendant's emergency motion for discovery sanctions; the Court will not restate those facts in full here.[2] In short, the Court continued the jury trial because Defendant discovered the weekend before trial that Plaintiffs violated, at a minimum, Rule 26(e).[3] The Court later granted in part and denied in part Defendant's emergency motion for discovery sanctions, ordering Plaintiffs "under Rule 37(c)(1)(A) to pay Defendant some of the 'reasonable expenses' caused by Plaintiffs' substantially unjustified violations of Rule 26(e), limited to the reasonable travel expenses, including airfare and lodging, incurred by the representative(s) of Defendant to attend trial on Monday, February 26, 2024."[4] The Court denied the motion "in all other respects."[5]

---

[1] ECF No. 145.
[2] ECF No. 144.
[3] ECF No. 143.
[4] ECF No. 144 at 3.
[5] *Id.*

The Court then directed Defendant to file "a memorandum" and supporting affidavit detailing the "reasonable travel expenses, including airfare and lodging, incurred by the representative(s) of Defendant to attend trial on Monday, February 26, 2024."[6] Instead of filing a memorandum, Defendant filed a motion requesting $22,014.59, including $8,225 in attorneys' fees, $5,116.74 in expenses for Defendant's representatives, and $8,672.85 in expert expenses.[7] Plaintiffs oppose that motion in part.[8] Plaintiffs "agree to pay" $2,219.08 for lodging, airfare, and mileage for Defendant's representatives to attend trial on February 26, but Plaintiffs otherwise dispute the scope and the reasonableness of the claimed attorneys' fees and expenses.[9] After considering Plaintiffs' arguments, Defendant reduced its total requested award to $15,041.54—including $6,984 in attorneys' fees, $3,864.69 in expenses for Defendant's representatives, and $4,192.85 in expert expenses.[10]

"A district court has broad discretion in all discovery matters," including fashioning the appropriate remedy for a Rule 26(e) violation under Rule 37(c). *See Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (internal quotation marks and citation omitted). Discovery sanctions under Rule 37 "are flexible and, within reason, may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case." *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citation omitted).

---

[6] *Id.*
[7] ECF No. 145 & ECF No. 145-1.
[8] ECF No. 148.
[9] *Id.* at 2–7.
[10] ECF No. 150 at 1–7.

2

Having considered the parties' arguments, and exercising its "broad discretion" under Rule 37 here, *Moore*, 735 F.3d at 315, the Court finds that Defendant has shown that it is entitled to $5,253.85 in reasonable expenses caused by Plaintiffs' substantially unjustified violations of Rule 26(e). *See* FED. R. CIV. P. 37(c)(1)(A). That figure consists of $3,560.25 in reasonable travel-related expenses of Defendant's representatives, $331.10 in reasonable travel-related expenses of Defendant's experts, and $1,362.50 in reasonable expert fees for Defendant's experts' attendance the morning of trial on February 26.[11] The Court specifically finds that Defendant incurred these reasonable expenses because of Plaintiffs' substantially unjustified Rule 26(e) violations requiring a morning-of-trial continuance and that ordering payment of this portion of Defendant's claimed reasonable expenses is the least severe sanction adequate to achieve the proper function of Rules 26(e) and 37(c) in these particular circumstances. The Court declines to award any attorneys' fees.

---

[11] The phrase "reasonable expenses" under Rule 37 encompasses expert fees. *See Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 387 (D.D.C. 2013) (citing *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 99 (1991)); *accord, e.g., 4DD Holdings, LLC v. United States*, 153 Fed. Cl. 371, 375 (2021) (finding expert fees awardable if tied to the Rule 37 violation and explaining that "[n]either the text of the rule nor any case law prohibits the shifting of expert fees as a sanction for discovery failures"); *In re Telescopes Antitrust Litig.*, No. 20-CV-03642-EJD-VKD, 2023 WL 4983178, at *5 (N.D. Cal. Aug. 2, 2023) (awarding expert fees as "reasonable expenses" under Rule 37); *see also Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *7 (S.D. Fla. Mar. 17, 2020) ("When a court imposes monetary sanctions under Rule 37, it is not limited to the taxable costs enumerated in 28 U.S.C. § 1920.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to establish amount of attorneys' fees, costs, and expenses due is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as the Court finds that Defendant has shown that it is entitled to $5,253.85 in reasonable expenses caused by Plaintiffs' substantially unjustified violations of Rule 26(e). The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay Defendant $5,253.85 within 14 days of the date of this order.

New Orleans, Louisiana, this 22nd day of March, 2024.

                                BRANDON S. LONG
                                UNITED STATES DISTRICT JUDGE