UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN O'CONNOR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-218 |
| ALLIED TRUST INSURANCE COMPANY | SECTION "O" |

## ORDER AND REASONS

Before the Court in this Hurricane Ida property-damage case is the opposed motion[1] of Plaintiffs Sean O'Connor and Allyson O'Connor for Federal Rule of Civil Procedure 72(a) review of Magistrate Judge van Meerveld's order and reasons[2] granting Defendant Allied Trust Insurance Company's opposed motion[3] for leave to file an untimely counterclaim against the O'Connors and an untimely third-party demand against the O'Connors' appraiser, Luke Irwin. The O'Connors have failed to carry their burden to persuade the Court that Magistrate Judge van Meerveld clearly erred in finding that Allied Trust showed "good cause" for the untimely counterclaim and third-party demand under Federal Rule of Civil Procedure 16(b)(4). Accordingly, for that reason and for those that follow, the O'Connors' Rule 72(a) motion for review is **DENIED**; Magistrate Judge van Meerveld's order and reasons is **AFFIRMED**.

---

[1] ECF No. 190.
[2] ECF No. 183.
[3] ECF No. 168.

## I. BACKGROUND

The Court has detailed the facts of this case in prior orders; the Court recounts here only the limited facts required to resolve the O'Connors' motion for review.[4] In short: This first-party insurance litigation arises from the O'Connors' claim that Allied Trust failed to timely and adequately pay them proceeds due under their insurance policy for damage their home suffered during Hurricane Ida.[5] The O'Connors sued Allied Trust for breaching the policy and for statutory bad faith.[6]

Trial of the O'Connors' claims was set for February 2023. But the Court was compelled to continue that trial setting and to reopen discovery because Allied Trust learned—the weekend before trial—that the O'Connors had failed to disclose relevant documents.[7] The Court ultimately found that the O'Connors violated Rule 26(e) by failing to timely supplement their discovery responses; that the O'Connors' violation of Rule 26(e) was neither substantially justified nor harmless; that Allied Trust was prejudiced by the O'Connors' violation of Rule 26(e); and that continuing the February 2023 trial and reopening limited discovery was necessary to cure that prejudice.[8]

After trial was continued and discovery reopened—and after the pleading-amendment deadline had expired[9]—Allied Trust moved for leave to file an untimely counterclaim against the O'Connors and an untimely third-party demand against the

---

[4] *See, e.g.*, ECF No. 152; ECF No. 144; ECF No. 132.
[5] *See generally* ECF No. 1.
[6] *Id.*
[7] *See* ECF No. 144 at 1.
[8] *Id.*
[9] The deadline for amending pleadings expired in May 2023 under the original scheduling order, ECF No. 33 at 2, and was not reset.

2

O'Connors' appraiser, Luke Irwin.[10] For the counterclaim against the O'Connors, Allied Trust generally alleges that the O'Connors breached the insurance policy by intentionally concealing and misrepresenting facts material to Allied Trust's investigation of the O'Connors' claim.[11] Allied Trust also "seeks reimbursement" of the $836,574.92 it has paid the O'Connors under the policy.[12] For the third-party demand against Irwin, Allied Trust generally alleges that Irwin is "personally liable" under Louisiana Civil Code Article 2315 for any "material misrepresentations or concealments" he "committed" or "aided" the O'Connors in committing.[13] Allied Trust also alleges that Irwin "purposefully and improperly inflated invoices and estimates for the sole purpose of enlarging the appraisal position."[14] Finally, Allied Trust alleges that the O'Connors and Irwin "engaged in a civil conspiracy" under Louisiana Civil Code Article 2324 "to unlawfully obtain insurance proceeds from Allied Trust."[15]

Magistrate Judge van Meerveld allowed Allied Trust's untimely amendment over the O'Connors' and Irwin's objections.[16] Her analysis proceeded in two parts.

First, Magistrate Judge van Meerveld found that Allied Trust showed "good cause" to modify the scheduling order to allow the untimely amendment under Rule 16(b)(4).[17] Applying each of the "good cause" factors, she found that Allied Trust adequately explained its failure to "discover the full scope of the [O'Connors'] alleged

---

[10] ECF No. 168.
[11] ECF No. 184 at ¶¶ 47–55.
[12] *Id.* at ¶ 54.
[13] *Id.* at ¶¶ 57–58.
[14] *Id.* at ¶ 59.
[15] *Id.* at ¶ 63.
[16] ECF No. 183; *see* ECF No. 175 (Irwin's opposition); ECF No. 177 (the O'Connors' opposition).
[17] ECF No. 183 at 6–7.

3

misrepresentations until recent months"; that the proposed amendment was "important," because the counterclaims may be "compulsory," and the third-party demand is "best resolved" in this suit given the "intertwined" facts; and that any prejudice the O'Connors and Irwin would suffer "can be remedied by a continuance."[18]

Second, Magistrate Judge van Meerveld found that Allied Trust's amendment satisfied Rule 15(a)(2).[19] She found that there was no "substantial reason" to deny Allied Trust leave to amend because Allied Trust did not unduly delay; there was no evidence of "bad faith or dilatory motive" on Allied Trust's part; and the only potential prejudice that the O'Connors would suffer—delay—was not "undue" given that the delay was "to some extent" of the O'Connors' "own making," and "the prejudice to Allied [Trust] of being precluded from pursuing its claims [was] more significant."[20]

Accordingly, because Magistrate Judge van Meerveld found that Allied Trust satisfied both Rule 16(b)(4) and Rule 15(a)(2), Magistrate Judge van Meerveld granted Allied Trust leave to file the counterclaim and third-party demand.[21]

Now, the O'Connors move the Court to review—and reverse—Magistrate Judge van Meerveld's order and reasons allowing the untimely counterclaim and the third-party demand.[22] Allied Trust opposes and asks the Court to affirm.[23]

---

[18] *Id.*
[19] *Id.* at 7–8.
[20] *Id.* at 7.
[21] *Id.* at 8.
[22] ECF No. 190. For his part, Irwin did not separately move the Court for review of the order and reasons allowing the third-party demand against him.
[23] ECF No. 198.

4

## II.   LEGAL STANDARD

A party may object to a magistrate judge's order on a non-dispositive motion within 14 days after being served with a copy. FED. R. CIV. P. 72(a). A district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C. § 636(b)(1)(A) (providing that a district court "may reconsider" a magistrate judge's order on a non-dispositive motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Courts have interpreted this language to create distinct standards of review for findings of fact and conclusions of law." *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, 431 F. Supp. 3d 857, 861 (N.D. Tex. 2020). Legal conclusions are reviewed *de novo*; findings of fact are reviewed for clear error. *See Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Clark v. Mobil Oil Corp.*, 693 F.2d 500, 501–02 (5th Cir. 1982) (per curiam) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.   ANALYSIS

For their Rule 72(a) appeal, the O'Connors contend that Magistrate Judge van Meerveld clearly erred in "finding" Allied Trust showed "good cause" for its untimely amendment under Rule 16(b)(4).[24] The O'Connors do not specifically brief—and so have forfeited any challenge to—Magistrate Judge van Meerveld's analysis under

---

[24] ECF No. 190-1 at 3.

5

Rule 15(a)(2). *See generally Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021) (explaining the numerous ways a party can forfeit an argument by failing to adequately brief it). Because the O'Connors explicitly challenge Magistrate Judge van Meerveld's "finding[s],"[25] the Court reviews Magistrate Judge van Meerveld's good-cause analysis for clear error. *See Moore*, 755 F.3d at 806. There is none.

"Rule 16(b) governs amendment of pleadings after a scheduling order has expired." *Innova Hosp. San Antonio, Ltd., P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (quotation omitted). "A schedule may be modified" under Rule 16(b) "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To decide if there is "good cause" for an untimely amendment, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Innova*, 892 F.3d at 735 (quotation omitted). The O'Connors meaningfully brief only the first and third good-cause factors.[26] Neither supports reversal.

First, the O'Connors have failed to carry their burden to show that Magistrate Judge van Meerveld clearly erred in finding that the first factor—Allied Trust's explanation for failing to timely amend—favored allowing the untimely amendment. For that factor, Magistrate Judge van Meerveld found that the O'Connors "failed to disclose much of the necessary information [for the amendment] until well after the

---

[25] *See id.* at 3 (explicitly challenging Magistrate Judge van Meerveld's "finding" that Allied Trust "established good cause"). The O'Connors make no argument for *de novo* review. *See id.* at 1–6.

[26] The O'Connors have forfeited any challenge to Magistrate Judge van Meerveld's application of the second and fourth factors by failing to meaningfully brief them. *See Rollins*, 8 F.4th at 397–98.

6

original pleading amendment deadline."[27] The O'Connors do not specifically challenge that "[c]ritical[ ]"[28] finding—much less show it to be clearly erroneous. Instead, the O'Connors chiefly contend that, even if Allied Trust lacked some of the information needed for the amendment until after the pleading-amendment deadline had expired, Allied Trust still should have sought leave to amend earlier than it did.[29] The Court is not persuaded. Magistrate Judge van Meerveld credited Allied Trust's explanation of "how it did not discover the full scope of the alleged misrepresentations and wrongdoing until recent months,"[30] and the O'Connors have not convinced the Court that it was clearly erroneous for Magistrate Judge van Meerveld to do so.[31] So too with Magistrate Judge van Meerveld's finding that "there is no evidence of bad faith or dilatory motive on Allied's part."[32] Although the O'Connors "vehemently disagree with that finding," they have not shown that it is clearly erroneous.[33]

Second, and similarly, the O'Connors have failed to carry their burden to show that Magistrate Judge van Meerveld clearly erred in finding that the third good-cause factor—the potential prejudice in allowing the amendment—favored a finding of good cause.[34] For that factor, Magistrate Judge van Meerveld acknowledged that the

---

[27] ECF No. 183 at 6.
[28] *Id.*
[29] ECF No. 190-1 at 3–4.
[30] ECF No. 183 at 6.
[31] The O'Connors insist that Allied Trust should have discovered certain specific facts underlying the amendment, and cited by Magistrate Judge van Meerveld, back in August 2023 and February 2024. ECF No. 190-1 at 3–4. But the cited facts were mere "example[s]"; Magistrate Judge van Meerveld did not purport to list every fact underlying Allied Trust's amendment that Allied Trust could not have discovered in time to permit a timely amendment. ECF No. 183 at 6.
[32] ECF No. 183 at 7.
[33] ECF No. 190-1 at 5.
[34] The O'Connors call Allied Trust's counterclaim "frivolous," but they do not explain in their Rule 72(a) briefing why or how that is so. ECF No. 190-1 at 5.

O'Connors "would suffer some prejudice if the amendment is allowed" because it would force a continuance of the then-existing trial date.[35] But Magistrate Judge van Meerveld found that this factor still favored Allied Trust for three reasons: (1) the previous continuance "was due to [the O'Connors'] own failure to comply with their discovery obligations"; (2) Allied Trust's "delay in raising the counterclaim is due in part to [the O'Connors'] delay in producing information"; and (3) Allied Trust "would be prejudiced if the amendment were not allowed because[,] to the extent its counterclaims are compulsory, it could lose the ability to raise them."[36] The O'Connors have not convinced the Court that these findings are clearly erroneous.[37]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[38] for review of Magistrate Judge van Meerveld's order and reasons is **DENIED**; the order and reasons is **AFFIRMED**.

New Orleans, Louisiana, this 24th day of February, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[35] ECF No. 183 at 7.

[36] *Id.*

[37] The O'Connors complain that Magistrate Judge van Meerveld did not adequately account for prejudice that goes beyond mere delay. ECF No. 190-1 at 5–6. But those invocations of prejudice ultimately stem from the O'Connors' belief that bad faith motivated Allied Trust's untimely amendment. As noted, however, Magistrate Judge van Meerveld found "no evidence of bad faith," ECF No. 183 at 7, and the O'Connors have not shown that factual finding to be clearly erroneous.

[38] ECF No. 190.